UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>R. DAVIS, et al.,<br><br>            Defendants. | **CASE No. 1:16-cv-0148 DAD MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Doc. 20)**<br><br>**FOURTEEN-DAY DEADLINE** |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 12, 2016, Plaintiff's Second Amended Complaint ("SAC") was screened and found to state an Eighth Amendment medical indifference claim against Defendant Physician's Assistant ("PA") Johnson. (Doc. 17.) Plaintiff was directed to file either a Third Amended Complaint or a notice of his willingness to proceed on the SAC as screened.

      Plaintiff has since a notice of his willingness to proceed on the Second Amended Complaint as screened. (Doc. 18.) Accordingly, the Court issued Findings and Recommendations on January 19, 2017, recommending service on PA Johnson and the dismissal of all other claims and Defendants. (Doc. 19.) These Findings and Recommendations remain pending.

      Pending now is Plaintiff's January 23, 2017, motion for temporary restraining order

seeking to prevent his transfer to another institution in retaliation for the filing of this action.

## I.     Plaintiff's Allegations

In the SAC, Plaintiff alleges that he suffers from Raynaud's Disease. In 2010, before his arrival at Valley State Prison ("VSP") in Chowchilla, California, Plaintiff received permanent chronos from medical specialists for single-cell accommodations and "No exposure to cold, drafts of air, or fans."

On October 24, 2014, VSP PA Johnson rescinded Plaintiff's single-cell chrono, an act that was beyond her authority. Also on that date, PA Johnson designated Plaintiff "High-Risk Medical Status," a classification that would have caused Plaintiff to be transferred to Chino State Prison, an institution with an open housing plan that would have exacerbated Plaintiff's medical condition. On October 30, 2014, the transfer recommendation was denied.

## II.    Legal Standards

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips

sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**III. Analysis**

Plaintiff's complaint alleges that Defendant PA Johnson improperly rescinded a medical chrono in excess of her authority. In the pending motion for temporary restraining order, Plaintiff asserts new allegations, namely, that the defendant manipulated Plaintiff's medical records by changing specific words that now render him subject to a potential transfer to another institution. Such a transfer would exacerbate Plaintiff's medical condition.

On review, the undersigned finds that Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest.

Moreover, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim arising from PA Johnson's alleged improper revocation of a medical chrono. See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

At this point, the defendant has not yet been served with the complaint, and the Court therefore does not have jurisdiction to order the defendant or any other individual to take any action. Even once defendant appears in this action, however, Plaintiff's request to prohibit a transfer is not the subject matter of this action, and Plaintiff would not be entitled to any such relief.

**IV.  Conclusion**

Accordingly, the Court RECOMMENDS that Plaintiff's January 23, 2017, motion for temporary restraining order (Doc. 20) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within 14 days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 8, 2018**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE